Thank you, Your Honor. May it please the Court, on behalf of Ms. Piper, I want to thank this Court for the opportunity to present her appeal. The key point... Why isn't this case governed by Smith? Well, Your Honor, I think that under this Court's precedent, new companies, McKinney Manufacturing, 864-F2nd-757, we think that there's more than one panel that Smith is inconsistent with that predates it, and under that ruling, the earlier precedent controls. Three of those cases, Reeves, Merrick... So we should overrule Smith? Well, I'm not sure... If Smith is governing authority, you lose, right? We do, Your Honor, on that precedent. And you litigated Smith, so you're aware... your firm litigated Smith, so you're aware of Smith? We are, Your Honor. I find it remarkable that you didn't call Smith to our attention in the 28-J letter. Right, Your Honor, that's our responsibility, I understand. Did you file a petition for rehearing in Smith? We did not, Your Honor. You thought Smith was inconsistent with prior precedent, but you didn't file a petition for rehearing suggesting that? We did, Your Honor. We did not file the petition, Your Honor. We also had at the same time... So in the absence of a petition for rehearing arguing that Smith was inconsistent with prior precedent, you thought you were going to be able to come here and cite the prior precedent and tell us that Smith was unlawful and we should do that here as a panel? Well, to be honest, Your Honor, I'm not sure under Newell and the court's precedent how the court deals with that situation. It does say that en banc is not the only way to deal with a later ruling that is inconsistent with. What Newell says is that the first in line is the controlling precedent. And so when we looked at Reeves, Merritt, and Cruz, those three cases in particular tell us that the substitution issue is a separate determination from the entitlement to the benefits. And those three cases you're mentioning now, were they cited in your brief in this case? They were not, Your Honor, because we were interpreting... So the precedent you're telling us that is inconsistent with Smith wasn't what you rested on in this case at all? Well, Your Honor, the briefing was already complete and then Smith came out. We also had, as we talked... Did you give us a Rule 283 letter on those cases? I did not, Your Honor, no. Yeah. In the ruling, I'm sorry, the briefing in this case was focused on the plain statutory language. Okay, but you didn't even cite the cases that you say Smith conflicts with, right? No, Your Honor, because again, Smith came after briefing was complete. Yeah, but even if there was no such thing as Smith, if you think you're telling us here that there is precedent which confirms the legal argument you're making here, why wouldn't you have cited it in your brief, irrespective of Smith? Your Honor, the briefing was focused on the plain language of the statute and was focused on the ruling that the Veterans Court made or at least that it affirmed in the boards. And so, looking at the language itself, the statutory language supports the same holding or the same outcome in that substitution is determined and then the substitute claimant completes the Veterans claim or the deceased claimant's claim and they are not substituting into, which I think is how Smith got it wrong and how the court in this case got it wrong. They're looking at it that the substitute claimant is continuing an accrued benefits claim in which case the accrued beneficiary would be limited under A6 but they're actually continuing the claimant's claim, the deceased claimant's claim which is not accrued benefits. And the statute is distinct from the accrued benefits statute 5121 and that's recognized. And that's the same argument you made in Smith. Well, it is, Your Honor, but again, the statutory language supports this reading and we think that, again... There's no prior case that adopted your argument. I mean, the prior cases talk about substitution being separate from recovery but there's no case that supports the notion that the recovery isn't limited as provided in, what is the subsect of 5121a. Not explicitly, Your Honor, but looking at Reeves, it says... Not explicitly. So we're supposed to say that Smith is inconsistent with an earlier case which didn't explicitly say something? Well, the reason why is because in those prior cases it was always a higher in order substitute, surviving spouse. And so there was no need to get to the A6... No need to get to means that Smith is inconsistent with the earlier cases? That makes no sense. It does, Your Honor, because looking specifically at Reeves, the statute makes clear, and I'm looking on page 997 of that decision, that a veteran's claim is not extinguished by his death. Instead, it survives so that it can be processed to completion. It's the veteran's claim that is being completed, not a new recruit benefits claim. Same thing in Cruz, that Mrs. Cruz is entitled to be substituted as the claimant. Mr. DeHoffman, listening for myself, your argument sounds frivolous. Well, I apologize for that, Your Honor, but I will say that we do read these cases as have already spoken to this question and we would ask that the court recognize Smith as an outlier. In the cases you're citing, could you tell us the names of those three cases and the cites just in case they're not cited in your briefing here? So the first is Reeves... And they're not cited in your briefing, nor did you provide a 28-J letter. This is the first time you're talking about them? It is, Your Honor. Okay, what are they? So Reeves v. Shinseki, 682 F. 3rd, 998. Merritt v. Wilkie, which was cited in our reply brief in response to the Secretary's. In that one, more is just that substitution is separate from entitlement, which the Secretary cited that proposition. And then Cruz v. McDonough, 63 F. 4th, 37. And none of those cases held that 5121 parens A doesn't limit the recovery? What those cases... Right? Yes? They did not, Your Honor. What those cases held was that the veteran's claim survives, the substitute claimant continues that claim to completion, which must include an award of whatever past due benefits were awarded. There are no other questions? Mr. Tully? Good morning. How come the government didn't tell us about Smith? I apologize, Your Honor. It came to my attention when I received the court's order to be prepared to address it at oral argument. So that's what I did. The Veterans Court correctly held that Ms. Piper was entitled only to reimbursement for last sickness and burial expenses. We believe that this appeal is resolved by the court's precedential decision in Smith. Of the cases that Mr. Doqua has mentioned right now, the only one that is mentioned in the briefing is the Merritt case. I can tell you that there's nothing in Merritt that's inconsistent with Smith. In fact, in that case, the court explained that substitution is not the same as entitlement and that even after substitution is granted, entitlement is determined in accordance with 38 U.S.C. Section 5121, which contains the limitations on payments. We believe that Smith is dispositive and we respectfully ask the court to affirm. Okay. Thank you. Anything further, Mr. Dohakwas? No, Your Honor. Okay. Thank both counsel. The case is submitted.